THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RANDY T. CHAPPELL,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC.; MARK RICHARD; JUSTIN REBER; and TODD EMERSON,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 4:21-cv-00083-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This case arises from the termination of Plaintiff Randy T. Chappell's employment from Defendant SkyWest Airlines, Inc. ("SkyWest").[1] Mr. Chappell asserts three causes of action against Defendants Mark Richards, Justin Reber, and Todd Emerson ("Individual Defendants"): (1) violation of § 510 of the Employee Retirement Income Security Act ("ERISA");[2] (2) fraud;[3] and (3) civil conspiracy to commit fraud.[4] The Individual Defendants seek dismissal of these causes of action for failure to state a claim on which relief may be granted ("Motion").[5]

Mr. Chappell agrees to the dismissal of his ERISA claim as against the Individual Defendants.[6] Mr. Chappell also fails to allege sufficient facts to meet the elements of, and state a

---

[1] Complaint, docket no. 2, filed Aug. 11, 2021.

[2] *Id*. ¶¶ 78-88 at 12-13.

[3] *Id*. ¶¶ 112-119 at 16-17.

[4] *Id*. ¶¶ 120-127 at 17-18.

[5] Motion to Dismiss Amended *[sic]* Complaint ("Motion"), docket no. 16, filed Oct. 29, 2021.

[6] Response to Individual Defendants' Motion to Dismiss Complaint ("Response") at 6, docket no. 19, filed Nov. 22, 2021.

plausible claim for relief in, his fraud and civil conspiracy claims. Therefore, the Individual Defendants' Motion[7] is GRANTED.

## DISCUSSION

Dismissal is appropriate under FED. R. CIV. P. 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[8] Each cause of action must be supported by sufficient, well-pleaded facts to be plausible on its face.[9] In reviewing a complaint under Rule 12(b)(6), all factual allegations are accepted as true and all reasonable inferences are drawn in a light most favorable to the plaintiff.[10] However, "assertions devoid of factual allegations" that are nothing more than a "conclusory" or "formulaic recitation" of the law are disregarded.[11]

### Mr. Chappell's agrees to the dismissal of his ERISA claim as against the Individual Defendants

Mr. Chappell's ERISA claim is asserted against "All Defendants."[12] Mr. Chappell asserts in his Response to the Individual Defendants' Motion that this was the result of a scrivener's error.[13] The claim was intended to be asserted against only SkyWest. Therefore, Mr. Chappell agrees to the dismissal of his ERISA claim as against the Individual Defendants.[14]

---

[7] Docket no. 16, filed Oct. 29, 2021.

[8] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[12] Complaint ¶¶ 78-88 at 12-13.

[13] Response at 6.

[14] *Id.*

## Mr. Chappell fails to allege sufficient facts
## to meet the elements of his fraud claim

To state a claim for fraud or fraudulent misrepresentation under Utah law, a plaintiff must allege facts supporting the claim's nine elements:

> (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such a representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.[15]

These elements make clear that the claim requires first-party reliance. In other words, the false representation must be made for the purpose of inducing –the other party – *the plaintiff* to act in reliance on the false representation to the plaintiff's injury and damage.

Mr. Chappell does not allege facts to establish first-party reliance. He alleges only that the Individual Defendants and SkyWest intentionally made false statements to SkyWest's review board for the purpose of inducing *the review board* to act in reliance and terminate Mr. Chappell's employment.[16] Therefore, Mr. Chappell fails to state a claim for fraud against the Individual Defendants as a matter of law.

The case law and Restatement (Second) of Torts to which Mr. Chappell cites do not alter this analysis.[17] These authorities do not apply Utah law and do not supplant the Utah appellate courts' recitation of the necessary elements of fraud and fraudulent misrepresentation claims

---

[15] *Cardon v. Jean Brown Research*, 327 P.3d 22, 24 (Utah Ct. App. 2014) (quoting *State v. Apotex Corp.*, 282 P.3d 66, 80 (Utah 2012)).

[16] Complaint ¶¶ 44-48 at 7, 50 at 8, 112-119 at 16-17.

[17] Response at 12-13 (citing *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008); *Prater v. Wackenhut Corr. Corp.*, 44 Fed. App'x 654 (5th Cir. 2002); *Denver Health & Hosp. Auth. v. Beverage Dist. Co., LLC*, 843 F. Supp. 2d. 1171 (D. Colo 2012); Restatement (Second) of Torts § 767 (1979)).

under Utah law.[18] These authorities also do not stand for the proposition that that Mr. Chappell argues, *i.e.*, that first-party reliance is not a necessary element of his fraud claim.[19] These authorities, at most, support a proposition that first-party reliance is not a necessary element of all torts involving false representations.[20] Indeed, two of the cited cases recognize that first-party reliance is required to sufficiently allege misrepresentation claims under Texas and Colorado law,[21] inapposite to Mr. Chappell's argument.

Because Mr. Chappell fails to allege facts to establish first-party reliance, he fails to state a claim for fraud against the Individual Defendants.

### Mr. Chappell fails to allege sufficient facts to meet the elements of his civil conspiracy claim

Under Utah law, "[t]he claim of civil conspiracy requires, as one of its essential elements, an underlying tort."[22] "Thus, in order to sufficiently plead a claim for civil conspiracy, a plaintiff is obligated to adequately plead the existence of such a tort."[23] "Where plaintiffs have not adequately pleaded any of the basic torts they allege dismissal of their civil conspiracy claim is appropriate."[24]

---

[18] *Cardon*, 327 P.3d at 24; *Apotex Corp.*, 282 P.3d at 80.

[19] Response at 12-13.

[20] *Bridge*, 553 U.S. at 656 (stating in dicta that "while it may be that first-party reliance is an element of a common-law fraud claim, there is no general common-law principle holding that a fraudulent misrepresentation can cause legal injury only to those who rely on it."); Restatement (Second) of Torts § 767 cmt. c ("In some circumstances one who is liable to another for intentional interference with economic relations by inducing a third person by fraudulent misrepresentation not to do business with the other may also be liable under other rules of the law of torts.").

[21] *Prater*, 44 Fed. App'x 654, *1 (holding that the plaintiff "ha[d] no standing to assert a fraud claim [under Texas law] when no misrepresentation was made to him or made with the intention of reaching him and when he did not act upon any misrepresentation."); *Denver Health & Hops. Auth. v.*, 843 F. Supp. 2d. at 1178 (stating that the elements of negligent misrepresentation under Colorado law include "a misrepresentation of a material fact . . . the injured party justifiably relied on . . . to his or her detriment.")

[22] *Puttuck v. Gendron*, 119 P.3d 971, 978 (Utah Ct. App. 2008) (internal quotations and punctuation omitted).

[23] *Id*. (internal quotations omitted).

[24] *Id*. (internal quotations, punctuation, and emphasis omitted).

Mr. Chappell's civil conspiracy claim is premised on his fraud claim. He uses the same allegations to support the two claims. He alleges that the Individual Defendants and SkyWest conspired to commit fraud by intentionally providing false statements to SkyWest's review board for the purpose of inducing the review board to terminate Mr. Chappell's employment.[25] However, as discussed,[26] Mr. Chappell fails to allege sufficient facts to state a claim for fraud against the Individual Defendants. Because Mr. Chappell fails to sufficiently allege the tort underlying his civil conspiracy claim, he fails to state a claim for civil conspiracy against the Individual Defendants.

## ORDER

IT IS HEREBY ORDERED that the Individual Defendants' Motion[27] is GRANTED. Mr. Chappell's ERISA, fraud, and civil conspiracy claims[28] are DISMISSED without prejudice as against the Individual Defendants (Mark Richards, Justin Reber, and Todd Emerson).

Signed December 13, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[25] Complaint ¶¶ 44-48 at 7, 50 at 8, 112-1127 at 16-18.

[26] *Supra* Discussion at 3-4.

[27] Docket no. 16, filed Oct. 29, 2021.

[28] Complaint ¶¶ 78-88 at 12-13, 112-127 at 16-18.