Andrew W. Stavros (8615)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
andy@stavroslaw.com

Patrick M. Jones (admitted *Pro Hac Vice*)
Sarah M. Beaujour
**AEGIS LAW**
Willis Tower
233 South Wacker Drive, 44th Floor
Chicago, Illinois 60606
Tel: (312) 404-3225
Email: pjones@aegislaw.com
Email: sbeaujour@aegislaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| RANDY T. CHAPPELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, INC., a Utah corporation,<br><br>Defendants. | **AFFIDAVIT OF RANDY T. CHAPPELL**<br><br>Case No. 4:21-cv-00083-DN<br><br>Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

I, Randy T. Chappell, am a citizen of the United States above the age of 18 years. If called on to testify under oath, I would testify consistently with the following statements which are based on my personal knowledge unless otherwise set forth herein:

1. On December 6, 2023, I was deposed by SkyWest's counsel as part of the above-mentioned proceeding initiated by me against SkyWest. A true and correct copy of the December 6, 2023 deposition of Randy Chappell is attached to the Response to Defendant's Motion for Summary Judgment as Exhibit T.

2. I stated during my deposition that it was never appropriate for a pilot to assume something is safe. Ex. T, at p. 49. This statement excludes things that are taught to pilots – in accordance to safety regulations – as safe situations. Rolling on a grate is known to be without any danger for aircraft and is in fact a common situation.

3. I stated during my deposition that captains must take full responsibility for the safe operation of the aircraft on every flight. Ex T, at p. 52. I also stated during my deposition that first officers have the same safety of flight obligations as captains. Ex. T, at p. 220 ("we both have a responsibility to disclose, report, to call our chief pilot, to get maintenance to inspect the aircraft. And I didn't know anything had happened. And if Reber believes something had occurred, he had an obligation – as the first officer, he has the same safety of flight obligations as a crew member as I do").

4. When asked during my deposition whether I had "seen" that the aircraft I was operating had gone off the tarmac and dug into the dirt up to 14 inches down, I answered by the affirmative. Ex. T, at p. 93. My answer refers to having seen pictures of tracks after the occurrence and having been told this were tracks left by our aircraft. I did not see at the time of the event that our aircraft had gone off the tarmac and into dirt, as I stated throughout my deposition. See Ex. T, at p. 92 ("Q. Did you understand that there was actually, like, a drop of up to 14 inches off of the tarmac? Did you feel that at all? A. No.).

5. I did state during my deposition that the momentum of the aircraft stopped. Ex. T, at p. 87. However, I did not state that the aircraft was "stuck" and indeed, at no point was the aircraft stuck and we were able to regain momentum using reasonable thrust.

6. I stated during my deposition that I did not feel discriminated against at the time of my first review board. Ex. T, at p. 139. This is because I did not learn about the differences in treatment between Reber and me until *after* the first review board. I did, however, express concerns over the financial situation of SkyWest and the possible temptation to use excuses like the Occurrence as defined in the Response to get rid of senior pilots. *See* Ex. U, at p. 3.

7. During my deposition, I was asked whether I was terminated the second time for being untruthful in violation of policies. Ex. T, at p. 146. My answer to that question ("That's what I assume") was not an admission of liability on my part. My answer was meant to mean that being untruthful in violation of policies is the official reason SkyWest gave me for terminating me a second time.

8. I stated during my deposition that I believed I was terminated for the Occurrence that took place on March 24, 2020 and no other reason. Ex. T, at pp. 131-132, 155. By that statement, I meant that the official reason for my termination was that occurrence and that it was the only official cause for termination. I also clearly stated on several occasions, from the day of my first review board to the day of my deposition, that I had concerns – and later strongly believed – that the real reason for my termination was SkyWest's need to save money by terminating "expensive" employees whenever possible.

9. I stated during my deposition that I was not aware of any evidence supporting a conclusion that my termination was due to my age. Ex. T, at pp. 186-187. While I do not have

**INDIVIDUAL ACKNOWLEDGMENT**

State/Commonwealth of Indiana } ss.
County of LaPorte

On this the 2 day of August, 2023, before me,
Day Month Year

Tara Saylor, the undersigned Notary Public,
Name of Notary Public

personally appeared Randy T. Chappell,
Name(s) of Signer(s)

☐ personally known to me – OR –

☑ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same for the purposes therein stated.

TARA SAYLOR
Notary Public - Seal
La Porte County - State of Indiana
Commission Number NP0740000
My Commission Expires Mar 21, 2030

WITNESS my hand and official seal.

Tara Saylor
Signature of Notary Public

Tara Saylor
03-21-2030
Any Other Required Information
(Printed Name of Notary, Expiration Date, etc.)

*Place Notary Seal/Stamp Above*

**OPTIONAL**

*This section is required for notarizations performed in Arizona but is optional in other states. Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: ______________________

Document Date: ______________________ Number of Pages: __________

Signer(s) Other Than Named Above: ______________________

©2020 National Notary Association

direct evidence of such, I maintain that the difference of treatment between Reber and I is prima facie evidence of age discrimination.

10. During my deposition, I stated as far as I knew, no one at SkyWest had access to my benefit use information. Ex. T, at p. 227. To be clear, I do not know *who* at SkyWest had access to my benefit use information, but I do believe someone had access to it, hence my claim that I was discriminated against notably because I was an employee with costly medical care needs. Ex. T, at p. 187.

FURTHER AFFIANT SAYETH NOT.

Respectfully submitted

Randy T. Chappell

Notarization or other authentication:

Signed before me this __ day of July, 2023:

See Attached Certificate