**From:** Pennie Hancock
**Sent:** Monday, July 20, 2020 5:51:42 PM
**To:** Pennie Hancock
**Subject:** CA Chappell
**Importance:** Normal
**Sensitivity:** None

---

Based on evidence and testimony from FO XX's presentation, we learned CA Chappell had not been truthful when presenting his account of the events on the day prior. Lack of evidence CA Chappell knew he maneuvered the aircraft off the pavement and his friendly personable demeanor left doubt he actually knew of the excursion. CA was effective in convincing panel members this incident could have easily happened to any pilot given poor lighting on the SGU ramp, the lack of markings and cones to delineate ramp borders and the pushback operator who pointed the nose of the aircraft towards the dirt. Given all this, there was no way to be sure CA Chappell owned the entire incident nor that he knew of the excursion despite his acknowledgement additional thrust was needed to maneuver over a storm drain and slight slope. We believed CA Chappell when he explained the additional power was an overcorrection of a tight throttle with an immediate adjustment. We also believe CA Chappell when he said the ride to the runway was no more bumpy than any other taxi.

During deliberations of the FO's review board the next day, panel members commented the additional information was enough to convince them CA Chappell had to have known he left the pavement and blatantly dismissed the FO in his attempts to communicate about dried mud on the tires and how it got there. Based on the FA's and FO's statement, there was no doubt CA Chappell wasn't truthful in his account and at least 2 panel members commented had they known then what they knew now, they wouldn't have voted to overturn CA Chappell's termination decision.

My sense is CA Chappell knew he left the pavement in SGU and his arrogance got the best of him. Rather than inspecting the aircraft prior to taking off, CA Chappell risked the safety of passengers and other flight crew by shutting down the FO's attempts to communicate on irregular operations. CA Chappell opted to deny any knowledge of the excursion as a way to defend his failure to inspect for damage in SGU or voluntarily file an IOR. It's hard to imagine this event was the first time CA Chappell compromised safety and either lied or minimized an issue to cover up his mistakes. I wish CA Chappell well but can't ignore how he chose his career, ego and reputation over the safety and wellbeing of the flying public. What's even more disingenuous is how he used the review board process to deceive panel members in order to get his termination overturned.

Pennie R. Hancock, PHR, SHRM-CP
Employee Relations Manager
SkyWest Airlines
435-634-3567

# Review Board Appeal Notification

| | |
|---|---|
| **Review Board Hearing For:** Randy Chappell | **Decision:** Overturn Termination Decision |
| **Date:** 6/15/2020 | **Time:** 1300 MT / **Location:** SLC Hangar |
| **Date Hired:** 4/16/1990 | **Date Terminated:** 4/24/2020 |
| **Reason for Appeal:** Termination | |
| **Employee is requesting:** Reinstatement | |

## R E P R E S E N T A T I V E S

**Presenting Manager:** Roy Glassey

**Employee:** Randy Chappell

## P A N E L M E M B E R S

| MANAGEMENT | PEERS |
|---|---|
| Chris Brown, Dir. Aircraft Ops. | Mackenzie Meek, PDX ERJ CA |
| Chuck Barber, Mgr. Acc. Shop | Mike Pendleton, SLC ERJ FO |

**MODERATOR:** Pennie Hancock, Mgr. Emp. Relations

**Observers :** None

Highlights from deliberations: Despite believing CA Chappell failed at CRM, panel wasn't convinced of willful non-compliance to air worthiness expectations. Even if CA Chappell knew he maneuvered a/c over the dirt, and failed to report it, panel believed the outcome was "over the top". Chappell was adament he couldn't see or feel he maneuvered a/c off the pavement. Panel considered Chappell's employment history; no prev corrective action and minus 2 of the multiple IOR's presented, CA Chappell was unaware they existed. Panel assumed IOR's were used "to pile on" in support of termination. Rather than focus on the lack of visibility and unmarked area at SGU, panel was asked to render their decision based on Chappells non-compliance and negligence, but panel could not ignore the Company's shared fault and how the excursion occurred.

Panel Recommendations: Counseling statement pertaining to CRM, airworthiness, safety, additional training, no back pay, assurance conditions no longer exist at SGU.